1  **PAYTON EMPLOYMENT LAW, PC**
   LAUREL N. HOLMES, ESQ. (SBN: 308515)
2  MARISSA L. SIMMONS, ESQ. (SBN: 310234)
   CHANTAL M. PAYTON, ESQ. (SBN: 293215)
3  3807 W. Sierra Highway, Suite 206
   Acton, California 93510
4  Telephone: (661) 434-1144
   Facsimile: (661) 434-1144
5  LHolmes@PaytonEmploymentLaw.com
   MSimmons@PaytonEmploymentLaw.com
6

7  Attorneys for Plaintiffs Regina Jackson, Belinda Battistelli, and Andrea Martin

8

9                  **UNITED STATES DISTRICT COURT**

10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 REGINA JACKSON, an individual;          Case No.:
   BELINDA      BATTISTELLI,      an
12 individual; and ANDREA MARTIN,          **Plaintiffs' Complaint for:**
   an individual,
13                                          1. **Disability Discrimination (Gov. Code §**
                  Plaintiffs,                  **12940 (a));**
14                                          2. **Failure   to   Provide   a   Reasonable**
          v.                                   **Accommodation (Gov. Code § 12940 (m);**
15                                          3. **Retaliation (Gov. Code § 12940 (m)(2));**
   A PLACE FOR MOM, INC., a                 4. **Failure to Pay Overtime Wages (L.C. §§**
16 Washington Corporation; DOES 1-             **204, 510, 1194, and Wage Order 4-2001);**
   10, business entities, forms unknown;   5. **Failure to Pay Minimum Wages (L.C. §§**
17 DOES 11-20, individuals; and DOES          **1194, 1197, 1197.1 and Wage Order 4-**
   21-30, inclusive,                          **2001);**
18                                          6. **Liquidated Damages for Failure to Pay**
                  Defendants.                  **Minimum Wages (L.C. § 1194.2);**
19                                          7. **Failure to Provide Meal Breaks (L.C. §§**
                                               **226.7, 512, and Wage Order 4-2001);**
20                                          8. **Failure to Provide Rest Breaks (L.C. §**
                                               **226.7, and Wage Order 4-2001);**
21                                          9. **Failure to Provide Accurate and Itemized**
                                               **Wage Statements (L.C. § 226);**
22                                          10. **Waiting-Time Penalties (L.C. § 201-203);**
                                               **and**
23                                          11. **Unfair Business Practices (Bus. & Prof.**
                                               **Code §§ 17200, et seq.).**
24
25                                          **DEMAND FOR JURY TRIAL**
26
27
28

*left margin:* **PAYTON EMPLOYMENT LAW, PC** CALIFORNIA EMPLOYMENT LITIGATION 3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

Plaintiffs Regina Jackson, Belinda Battistelli, and Andrea Martin (collectively, "Plaintiffs") hereby file this complaint against A Place for Mom, Inc., a Washington corporation, DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive (collectively "Defendants").  Plaintiffs are informed and believe, and based thereon allege, unless otherwise indicated, as follows:

## I.    NATURE OF THE ACTION

1.    Plaintiffs file this action to recover damages and obtain other remedies afforded to them by law for violations of the Government Code arising from Defendants' unlawful practices.

2.    Plaintiffs bring this action against Defendants for Disability Discrimination, Failure to Provide a Reasonable Accommodation, Failure to Pay Overtime Wages, Failure to Pay Minimum Wages, Liquidated Damages for Failure to Pay Minimum Wages, Failure to Provide Meal Breaks, Failure to Provide Rest Breaks, Failure to Provide Accurate and Itemized Wage Statements, Waiting-Time Penalties, punitive damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief for Defendants' unlawful conduct.

## II.    PARTIES, JURISDICTION, AND VENUE

3.    Plaintiff Regina Jackson (hereinafter "Ms. Jackson") is an individual who, at all times relevant to this action, resided in the County of Los Angeles, State of California and at all relevant times was an employee of A Place for Mom, Inc. and DOES 1-30 (collectively "Defendants").

4.    Plaintiff Belinda Battistelli (hereinafter "Ms. Battistelli") is an individual who, at all times relevant to this action, resided in the County of San Bernardino California and at all relevant times was an employee of A Place for Mom, Inc. and DOES 1-30 (collectively "Defendants").

5.    Plaintiff Andrea Martin (hereinafter "Ms. Martin") is an individual who, at all times relevant to this action, resided in the County of Riverside, State of California and at all relevant times was an employee of A Place for Mom, Inc. and DOES 1-30

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

(collectively "Defendants").

6.      Plaintiffs are informed, believes and thereupon alleges that Defendant A Place for Mom, Inc, is now, and was at all times mentioned in this Complaint, a Washington Corporation that provides senior living resources doing business in the State of California, and was Plaintiffs' employer at all times relevant herein.

7.      Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 30, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names.  Plaintiffs are informed, believe, and thereupon allege that each of the Defendant DOES 1 through 30, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiffs complain herein, and in some fashion, has legal responsibility therefore.   When Plaintiffs ascertains the names and capacities of the fictitiously named Defendant Does 1 through 30, inclusive, Plaintiffs will seek leave to amend this Complaint to set forth such facts.

8.      Plaintiffs are informed, believe, and there upon allege that each Defendant is, and at all times relevant herein was, the agent of his, her, or its co-defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-defendants.

9.      On information and belief, the principal place of business of A Place for Mom, Inc. is located at 701 5th Ave Ste 3200, Seattle, in the State of Washington.

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

11.     Plaintiffs' state law claims all share common operative facts with their federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

12.     Pursuant to 28 U.S.C. § 1391, venue is proper in this district because the unlawful employment practices alleged herein giving rise to this action occurred in the Central District of California, including the Counties of Riverside, Los Angeles, and San

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1  Bernardino.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.    Plaintiff Regina Jackson has filed timely with the Department of Fair Employment and Housing and received a Right to Sue letter on June 6, 2022.  Plaintiff has now exhausted her administrative remedies for the claims alleged herein pursuant to the Fair Employment and Housing Act.  Thus, Plaintiff is entitled to seek civil relief for the violations alleged herein.

14.    Plaintiff Andrea Martin has filed timely with the Department of Fair Employment and Housing and received a Right to Sue letter on June 6, 2022.  Plaintiff has now exhausted her administrative remedies for the claims alleged herein pursuant to the Fair Employment and Housing Act.  Thus, Plaintiff is entitled to seek civil relief for the violations alleged herein.

15.    Plaintiff Belinda Battistelli has filed timely with the Department of Fair Employment and Housing and received a Right to Sue letter on August 15, 2022. Plaintiff has now exhausted her administrative remedies for the claims alleged herein pursuant to the Fair Employment and Housing Act.  Thus, Plaintiff is entitled to seek civil relief for the violations alleged herein.

## IV.    FACTUAL ALLEGATIONS

16.    By this reference, Plaintiffs allege and incorporate herein each and every allegation set forth in all previous paragraphs of the Complaint.

### a. *Factual Allegations as to Plaintiff Regina Jackson*

17.    Plaintiff Regina Jackson began working for A Place for Mom, Inc. (hereinafter, "Defendants" or the "Company") as a Senior Living Advisor September 2015.  While working in this position, Ms. Jackson was paid an hourly rate of $18.02 per hour.  In her role, Ms. Jackson typically worked more than 40 hours a week with each shift lasting ten (10) to twelve (12) hours.  Ms. Jackson also regularly worked on Saturdays for ten (10) to twelve (12) hours to meet her quota

18.    In the first few years of her employment, Ms. Jackson was properly compensated

for all time worked; however, on or about 2018, under the leadership of new management, Ms. Jackson was no longer compensated for the overtime hours worked. Instead, Ms. Jackson was forced to work additional overtime each week in order to meet the quota imposed by Defendants.

19.     While working for the Company, Ms. Jackson was not permitted to take uninterrupted meal or rest breaks.  Ms. Jackson was not permitted to take a restroom break without the Regional Sales Director, Jeff Williams, asking where she was and that she send a notification prior to going to the bathroom.

20.     Thus, Ms. Jackson is entitled to unpaid overtime, and penalties for meal and rest break violations by the Company.

21.     Ms. Jackson suffers from undifferentiated Lupus, a disability that is exacerbated by stress and the inability to take breaks during her work day.

22.     Ms. Jackson was not properly accommodated for her disability in that Defendant failed to provide her with adequate rest and meal breaks and required her to work long hours to meet her quota without adequate rest or compensation.

23.      Because of Defendants' failure to provide reasonable accommodation in reducing her hours and providing adequate breaks, Ms. Jackson was required to go on medical leave on November 4, 2020.

24.     Ms. Jackson has not been provided any assurances that she will be properly accommodated should she return and as such Defendant's have constructively terminated her position as of June 29, 2022.

### b. *Factual Allegations as to Plaintiff Belinda Battistelli*

25.     Plaintiff Belinda Battistelli began working for Defendants as a Senior Living Advisor on or about January 2007.  Ms. Battistelli typically worked between fifty (50) to sixty (60) hours per week and her shifts generally lasted for ten (10) to twelve (12) hours.  In her role, Ms. Battistelli was paid a base salary of $45,000.00 plus commission.

26.     As with Ms. Jackson, Ms. Battistelli was also expected to be available all day and evening every day, even nights and weekends.  The Company often pressured Ms.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

Battistelli to work at all times in order to meet her quota.  Thus, Ms. Battistelli often worked five to seven days per week in order to meet the Company's expectations.

27.    Throughout her employment, Ms. Battistelli was also regularly denied legally compliant meal and rest breaks.  Ms. Battistelli would constantly be interrupted during her meal breaks, due to the fact that the Ms. Battistelli's managers would call her on her personal cell phone during breaks and ask that she, "hop online."  Ms. Battistelli similarly did not receive legally-compliant, uninterrupted rest breaks throughout her employment.

28.    Ms. Battistelli clearly worked several hours of overtime each week.  Despite this, Ms. Battistelli was instructed by the Company to provide that she only worked 40 hours per week on her timecards.  When Ms. Battistelli asked Jeff Williams and Sarah Kuehl for overtime pay, she was consistently told that the Company would not pay her for the overtime hours she worked.

29.    On or about October 31, 2020, Ms. Battistelli broke out in shingles in her mouth and across her torso.  Ms. Battistelli made Defendant aware of her condition and went out on medical leave for two weeks per her doctor's instructions.

30.    Ms. Battistelli returned to work on or about November 23, 2020, with a doctor's note requiring her to work part time, for 30 hours or less each week.  Ms. Battistelli faxed and emailed this note to the Company's Human Resources department.

31.    However, upon her return, it became clear that the Company expected her to meet her previous quota, regardless of her doctor's restrictions.  As the amount of time that she was permitted to work was reduced by her doctor, Ms. Battistelli asked Sarah Kuehl, the Vice President of Sales and Jeff Williams, the Regional Sales Director, if her quota could be reduced, in accordance with her doctor's restrictions.  Despite the clear need for an accommodation for her disability, both Sarah Kuehl and Jeff Williams denied her request.  Instead, Ms. Battistelli was given a Performance Improvement Plan (PIP) for not meeting her sales quota every month that followed.

32.    On or about January 23, 2021, Ms. Battistelli was suffering from asthma attacks,

high blood pressure, and a urinary tract infection.  At this point, Ms. Battistelli's doctor placed her on medical leave due to her disabilities.

33.     While Ms. Battistelli was out on medical leave, she dealt with other health issues, such as a necessary knee surgery and glaucoma issues.  Ms. Battistelli continued to notify and provide doctor's notes to the Company, accordingly.

34.     By late August 2021, while Ms. Battistelli was out on medical leave, Stephanie Furukawa, the Company's Human Resource Generalist, notified her that the Company would no longer hold Ms. Battistelli's position open.    Thus, Ms. Battistelli was terminated on August 30, 2021.

c.   *Factual Allegations as to Plaintiff Andrea Martin*

35.     Plaintiff Andrea Martin began working for Defendants as a Senior Living Advisor on or about December 2016.  Ms. Martin typically worked over sixty (60) hours per week.  Ms. Martin's shifts generally lasted for eight (8) to twelve (12) hours.  In her role, Ms. Martin was paid a base salary of $35,000.00 per year plus commissions.

36.     As with Ms. Jackson and Ms. Battistelli, Ms. Martin was also expected to be available all day and evening every day, even nights and weekends.  The Company often pressured Ms. Martin to work at all times in order to meet her quota.  Thus, Ms. Martin often worked five to seven days per week in order to meet the Company's expectations.

37.     Throughout her employment, Ms. Martin was also regularly denied legally compliant meal and rest breaks.  Ms. Martin would constantly be interrupted during her meal breaks, due to the fact that the Ms. Martin's managers would call her on her personal cell phone during breaks and ask that she, "hop online."  Ms. Martin similarly did not receive legally-compliant, uninterrupted rest breaks throughout her employment.

38.     Ms. Martin clearly worked several hours of overtime each week.  Despite this, Ms. Martin was instructed by the Company to provide that she only worked 40 hours per week on her timecards.  When Ms. Martin asked Jeff Williams and Sarah Kuehl for overtime pay, she was consistently told that the Company would not pay her for the overtime hours she worked.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

39.     On or about October 2020, during the COVID-19 pandemic Jeff Williams, the Company's Regional Manager, increased Plaintiff's quota significantly. Plaintiff was unable to meet this increased quota and, as a result, was placed on a Performance Improvement Plan.

40.     On November 1, 2020, Ms. Martin went on medical leave due to stress, anxiety, fainting spells, low iron and low vitamin D levels.  During this time, Ms. Martin would consistently provide doctor's notes to the Company, as her leave would be extended.

41.     However, rather than accommodate her disabilities, the Company terminated Ms. Martin's employment in June 2021, while Ms. Martin was on medical leave.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### Violation of Gov. Code § 12940(a)

### (Against All Defendants on Behalf of Plaintiffs Belinda Battistelli, Regina Jackson, and Andrea Martin)

42.     Plaintiffs allege and incorporate by reference the foregoing allegations as though set forth herein.

43.     Plaintiffs were at all times hereto "employee[s]" within the meaning of California Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability discrimination in employment.

44.     Defendant and DOES 1- 10 were at all material times "employer[s]" as defined by California Government Code § 12926(d) and within the meaning of California Government Code §§ 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the basis of disability, as set forth in California Government Code § 12940.

45.     Government Code § 12940(a) states that it is an unlawful employment practice for an employer "to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment or to bar or to discharge the person from

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" based on the employee's medical condition, disability status, genetic information, or genetic condition.

46.     Plaintiffs Ms. Battistelli and Ms. Martin allege that their respective conditions constituted a "physical disability" within the meaning of the FEHA, and/or that they were regarded by Defendants as or perceived as suffering from a "physical disability" at the time that the discrimination occurred.

47.     Plaintiffs further allege that they were able to perform in their position with or without reasonable accommodation, and thus were qualified individuals within the meaning of the FEHA.

48.     Defendants, directly and through their managing supervisors, discriminated against Plaintiffs because of their physical disabilities in violation of the FEHA, specifically, Government Code Section 12940(a).

49.     Plaintiffs suffered adverse treatment on the basis of these protected characteristics.

50.     Plaintiffs allege that their physical disabilities were substantial motivating factors in Defendants' decision to terminate their employment and to discriminate against Plaintiffs in terms, conditions, or privileges of employment in violation of Government Code § 12940(a).

51.     There was a causal connection between Plaintiffs' protected status and the adverse employment actions.

52.     Plaintiffs were harmed as a result of Defendants' adverse actions, and Defendants' conduct was a substantial factor in causing them harm.

53.     Defendants are therefore liable for discrimination suffered by Plaintiffs.

54.     Such actions are unlawful, discriminatory, and retaliatory in violation of Government Code section 12940 et. seq., and have resulted in damages and injury to Plaintiffs, including both general and special damages in an amount to be proven at trial.

55.   As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs have suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at the time of trial.  Plaintiffs' claims such amount as damages together with prejudgment interest pursuant to Civil Code Section 3287 and any other provision of law providing for prejudgment interest.

56.   As direct and proximate result of Defendants' wrongful acts against Plaintiffs, Plaintiffs have suffered and will continue to suffer emotional and physical distress, humiliation, shame, despair, embarrassment, depression, physical and mental pain and suffering and anguish, loss of earnings, future loss of earnings, loss of status and future status, loss of other employment benefits and job opportunities all to their damage in a sum to be established according to proof.

57.   Plaintiffs are entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court, according to proof at trial.

58.   Defendants and/or their agents, employees, managers, or owners authorized, condoned, acted, and/or ratified the  unlawful conduct of the remaining Defendants. Consequently, Plaintiffs are entitled to punitive damages against Defendants.

59.   As a direct and proximate result of Defendants' violation of Government Code §12940(a), Plaintiffs have been compelled to retain the services of counsel and will continue to incur legal fees and costs.  Plaintiffs request that attorneys' fees be awarded pursuant to Government Code §12965.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

#### Violation of Gov. Code § 12940 (m)

#### (Against all Defendants on Behalf of Plaintiffs Belinda Battistelli,

#### Regina Jackson,  and Andrea Martin)

60.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

61.    Government Code section 12940(m) provides that it is an unlawful employment practice "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

62.    Defendants are employers within the meaning of and subject to Government Code § 12940, et seq.

63.    Plaintiffs were qualified individuals with disabilities, able to perform in their position with or without reasonable accommodations.

64.    Ms. Jackson and Ms. Battistelli requested medical leave for their physical disabilities.

65.     Defendants did not make any attempt to accommodate the Plaintiffs, and instead denied their accommodation requests by terminating them while they were on disability leave.

66.    The accommodations would not have caused an undue hardship on Defendants.

67.    Plaintiffs were harmed as a result of Defendants' adverse actions, and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

68.    Defendants are therefore liable for discrimination suffered by Plaintiffs.

69.    Such actions are unlawful and discriminatory in violation of Government Code section 12940 et. seq., and have resulted in damages and injury to Plaintiffs, including both general and special damages in an amount to be proven at trial.

70.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs have suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at the time of trial.  Plaintiffs' claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

71.    As direct and proximate result of Defendant's wrongful acts against Plaintiffs, Plaintiffs have suffered and will continue to suffer emotional and physical distress,

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

humiliation, shame, despair, embarrassment, depression, physical and mental pain and suffering and anguish, loss of earnings, future loss of earnings, loss of status and future status, loss of other employment benefits and job opportunities all to their damage in a sum to be established according to proof.

72.    Plaintiffs are entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court, according to proof at trial.

73.    As a direct and proximate result of Defendants' violation of Government Code §12940(a), Plaintiffs have been compelled to retain the services of counsel and will continue to incur legal fees and costs.  Plaintiffs request that attorneys' fees be awarded pursuant to Government Code §12965.

## THIRD CAUSE OF ACTION

### RETALIATION

### GOV. CODE § 12940 (m)(2) et seq.

### (Against All Defendants on Behalf of Plaintiffs Belinda Battistelli, Regina Jackson, and Andrea Martin)

74.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though fully set forth herein.

75.    Government Code section 12940(m)(2) provides that it is unlawful for an employer to retaliate against a person "retaliate or otherwise discriminate against a person for requesting accommodation under [Government Code section  12940 (m)]."

76.    Defendants retaliated against in violation of Government Code Section 12940(m)(2) by engaging in the adverse employment actions described herein, which adversely and materially affected Plaintiffs employment, because they requested reasonable accommodations.

77.    Plaintiffs' request of a reasonable accommodation for their disabilities was a substantial motivating factor for Defendants termination of Plaintiffs, causing them harm.

78.    Defendants' conduct was a substantial factor in causing Plaintiffs harms.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

79.    There was a causal connection between Plaintiffs protected activities and the adverse employment actions.

80.    As a direct and proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiffs have incurred compensatory damages, including lost earnings and other economic damages, and have necessarily expended sums in the treatment of physical injuries, in an amount to be ascertained according to proof.

81.    Plaintiffs necessarily continue to expend sums in the future for the treatment of the physical, emotional injuries sustained by Plaintiffs as a result of said Defendant's acts in an amount to be ascertained according to proof.

82.    As a direct and proximate result of the acts of Defendant, and each of them, as alleged above, Plaintiffs have suffered humiliation, mental and physical distress, anxiety, and nervousness and have been generally damaged in an amount to be ascertained according to proof.

83.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiffs have necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven according to proof.  Pursuant to the provisions of Gov. Code § 12965 (b), Plaintiffs are entitled to the reasonable value of such attorneys' fees and costs.

84.    The above-described acts of Defendant, and each of them, were willful, intentional, and malicious and done with the intent to vex, injure, and annoy Plaintiffs and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar conduct.

85.    Defendant authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, director, or managing agents were themselves guilty of oppression, fraud, and malice.

86.    Plaintiffs request interest, attorneys' fees, costs, damages, declaratory and

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

injunctive relief, and other remedies in an amount to be proven according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND DOUBLETIME WAGES IN LABOR CODE §§ 204, 510, 1194, AND WAGE ORDER 4-2001

#### (Against All Defendants on Behalf of all Plaintiffs)

87.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

88.     California Labor Code § 510 et seq. and Wage Order 4-2001 § 3 state that an employee must be paid overtime, equal to one and one-half (1 ½) times the employee's regular rate of pay, for all hours worked in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh day of work in any one workweek.

89.     California Labor Code § 510 et seq. and Wage Order 4-2001 § 3 also states that any work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

90.     Wage Order 4-2001 § 3, which governs the profession of the Plaintiffs herein, states that an employee must be paid overtime, equal to one and one-half (1 ½) times the employee's regular rate of pay, for all hours worked in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek. "Hours worked" is defined as: "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered and permitted to work, whether or not required to do so." (Wage Order 4-2001 § 2(K)).

91.     Plaintiffs are entitled to bring a civil action to recover on claims involving failure to pay overtime pursuant to Labor Code § 1194.

92.     Plaintiffs regularly work/worked more than forty (40) hours per week and/or eight (8) hours per day, but were not paid overtime wages for such work.

93.     Plaintiffs regularly work/worked more than twelve (12) hours in one day and/or in excess of eight (8) hours on the seventh day of work in a workweek, but were not paid

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1  twice the regular rate for such work.

2  94.  Defendants have failed and refused to pay overtime compensation to Plaintiffs.

3  95.  Pursuant to California Labor Code § 1194, Plaintiffs are entitled to recover unpaid

4  overtime compensation and interest thereon pursuant to Labor Code § 218.6, plus

5  attorneys' fees and costs pursuant to Labor Code § 218.5, in an amount to be established

6  according to proof at trial..

7  **FIFTH CAUSE OF ACTION**

8  **FAILURE TO PAY MINIMUM WAGES**

9  **WAGE ORDER 4-2001, AND LABOR CODE §§ 1194, 1197, 1197.1**

10  **(Against All Defendants on Behalf of all Plaintiffs)**

11  96.  Plaintiffs re-allege and incorporate by reference the foregoing allegations as

12  though set forth herein.

13  97.  California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission

14  Wage Order 4-2001 entitle non-exempt employees to an amount equal to or greater than

15  the minimum wage for all hours worked.  All hours must be paid at the statutory or

16  agreed rate and no part of this rate may be used as a credit against a minimum wage

17  obligation.

18  98.  Plaintiffs were not paid at least minimum wage at each statutory pay period for

19  every hour worked.

20  99.  Defendants have failed and refused to pay minimum compensation to Plaintiffs.

21  100.  As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and

22  Wage Order 4-2001 for failure to pay minimum wage, Plaintiffs are entitled to recover

23  unpaid minimum wage compensation and interest thereon, civil penalties pursuant to

24  California Labor Code §§ 558, 1197.1, plus attorneys' fees and costs, in an amount to

25  be proved at trial.

26  ///

27  ///

28  ///

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

## SIXTH CAUSE OF ACTION

### LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants on Behalf of all Plaintiffs)

101.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

102.   Pursuant to California Labor Code § 1194.2, in any action under Section 1194 to recover wages as a result of payment less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

103.   Plaintiffs were not paid at least the minimum wage for all hours worked, as required by the Labor Code, Wage Order 4-2001 § 4.

104.   Pursuant to Wage Order 4-2001, § 4, as well as Labor Code § 1194, Plaintiffs were not paid at least the minimum wage at each statutory pay period for every hour worked.

105.   Plaintiffs are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, plus attorneys' fees and costs, in an amount to be proved at trial.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS

### WAGE ORDER 4-2001, § 11 AND LABOR CODE §§ 226.7, AND 512

### (Against all Defendants on Behalf of all Plaintiffs)

106.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

107.   Pursuant to California Labor Code § 512, and Wage Order 4-2001, § 11, no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

108.   California Labor Code § 226.7 provides that an employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable statute

1  or order of the Industrial Welfare Commission.

2  109.   Wage Order 4-2001, § 11 and Labor Code § 226.7 both mandate that an employer

3  shall pay the employee one additional hour of pay at the employee's regular rate of

4  compensation for each workday that the meal period is not provided.

5  110.   Labor Code § 558.1 provides that "Any employer or other person acting on behalf

6  of an employer, who violates, or causes to be violated . . . [Labor Code §] 226.7 . . . may

7  be held liable as the employer for such violation."

8  111.   Defendants did not provide Plaintiffs with required meal period on a number of

9  workdays.  Furthermore, Defendants failed to compensate Plaintiffs one hour of pay for

10  each workday that a meal period was not provided.

11  112.   As a result of Defendants' conduct, Plaintiffs have sustained economic damages,

12  including but not limited to unpaid wages and lost interest, in an amount to be established

13  at trial, and Plaintiffs are entitled to recover economic and statutory damages and

14  penalties and other appropriate relief from Defendants' violations of the California

15  Labor Code and IWC Wage Order 4-2001.

16  ### EIGHTH CAUSE OF ACTION

17  **FAILURE TO PROVIDE REST BREAKS**

18  **WAGE ORDER 4-2001, § 12 AND LABOR CODE § 226.7**

19  **(Against All Defendants on Behalf of all Plaintiffs)**

20  113.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as

21  though set forth herein.

22  114.   California Labor Code § 226.7 prohibits an employer from requiring an employee

23  to work during any rest period mandated by an applicable Industrial Wage Order.

24  115.   Pursuant to Wage Order 4-2001, § 12, every employer shall authorize and permit

25  all employees to take rest periods at the rate of ten (10) minutes net rest time per four

26  (4) hours or major fraction thereof.

27  116.   If an employer fails to provide an employee with a rest period as required, the

28  employer must pay the employee one hour of pay at the employee's regular rate of

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

1  compensation for each workday that a rest period is not provided as required.

2  117.   Defendants failed and continue to fail to authorize or permit Plaintiffs to take a

3  rest period on a number of workdays.   Furthermore, Defendants failed to compensate

4  Plaintiffs one hour of pay for each workday that a rest period was not provided.

5  118.   Labor Code § 558.1 provides that "Any employer or other person acting on behalf

6  of an employer, who violates, or causes to be violated . . . [Labor Code §] 226.7 . . . may

7  be held liable as the employer for such violation."

8  119.   As a result of Defendants' conduct, Plaintiffs have sustained economic damages,

9  including but not limited to unpaid ages and lost interest, in an amount to be established

10  at trial, and Plaintiffs are entitled to recovery economic and statutory damage and

11  penalties and other appropriate relief from Defendants' violations of the California

12  Labor Code and IWC Wage Order 4-2001.

13  ## NINTH CAUSE OF ACTION

14  ## FAILURE TO PROVIDE ACCURATE & ITEMIZED WAGE STATEMENTS

15  ## LABOR CODE § 226

16  **(Against All Defendants on Behalf of all Plaintiffs)**

17  120.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as

18  though set forth herein.

19  121.   Labor Code § 226 requires an employer to furnish its employees with an accurate

20  itemized statement in writing showing, among other things, (1) gross wages earned, (2)

21  total hours worked by each respective individual, (3) all deductions, (4) net wages earned

22  and/or (5) all applicable hourly rates in effect during each respective pay period and the

23  corresponding number of hours worked at each hourly rate by each respective individual.

24  122.   As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not

25  furnish Plaintiffs with accurate itemized statements in writing showing the total hours

26  worked by each individual, the applicable rates of pay for each hour worked, or the total

27  compensation owed to each individual.

28  123.   As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

maintain accurate records pertaining to the total hours worked for such Defendants by Plaintiffs, including the total hours worked by each individual, the applicable rates of pay for each hour worked, and the total compensation owed to each individual.

124.   As a result of the Defendants' failure to provide accurate itemized wage statements, Plaintiffs suffered actual damages and harm by being unable to determine with precision their actual hours worked, and overtime worked.  Thus, Plaintiffs were unable to assert their statutory protections to Defendants' various Labor code violations at the time the violations occurred.

125.   Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

126.   Pursuant to Labor Code § 226(e), Plaintiffs are entitled to penalties as follows:

    a.   Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

    b.   One hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed $4,000 per Plaintiffs.

127.   Pursuant to Labor Code § 226(h), Plaintiffs are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226, and to an award of costs and reasonable attorneys' fees.

## TENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### LABOR CODE §§ 201-203

### (Against All Defendants on Behalf of all Plaintiffs)

128.   Labor Code § 201 requires employers to pay all compensation due and owing to their employees immediately upon discharge.

129.   Labor Code § 202 requires employers to pay all compensation due and owing to an employee who quits his or her employment no later than 72 hours after the time of quitting.

130.   Labor Code § 203 provides that if an employer willfully fails to pay compensation

promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for "waiting time" penalties in the form of continued compensation at the employee's regular rate of pay for each day that wages remain unpaid, up to thirty days.

131.   Defendants failed and continue to fail to pay Plaintiffs who are no longer employees of Defendants all wages due immediately upon termination as required by Labor Code § 201, or within 72 hours as required by Labor Code § 202.  To date, Defendants have still not paid who are no longer employees of Defendants.

132.   Defendants willfully failed and continue to fail to pay Plaintiffs who are no longer employees of Defendants wages pursuant to the requirements of Labor Code §§ 201 and 202, and therefore Plaintiffs and members of the Class who are no longer employees of Defendants are entitled to recover unpaid wages, waiting-time penalties under Labor Code § 203, plus attorneys' fees and costs, in an amount to be established according to proof at trial.

<div align="center">

**ELEVENTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES IN VIOLATON OF**

**BUS. & PROF. CODE §§ 17200, ET SEQ.**

**(Against All Defendants on Behalf of all Plaintiffs)**

</div>

133.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though fully set forth herein.

134.   Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

135.   Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

136.   Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code §§ 17200, *et seq.*, by failing to pay wages for all hours worked, including minimum and overtime wages, failing to

<div align="left" style="writing-mode: vertical-rl">

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

</div>

provide compliant meal and rest breaks or pay meal and rest break premiums owed, failing to reimburse business expenses, and failing to pay wages due at the time of separation.

137.   The above-described unlawful actions of Defendants constitute false, unfair, fraudulent, and/or deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq*.

138.   Plaintiffs are entitled to equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

139.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs.

140.   Defendants should made to disgorge these ill-gotten gains and restore to Plaintiffs all wrongfully withheld wages and other amounts owed, pursuant to Business and Professions Code §§ 17200, *et seq*.   Defendants are unjustly enriched as a result of their failure to comply with the provisions of the Labor Code and IWC Wage Order 4-2001 as alleged herein.

141.   Plaintiffs and the Class Members are severely prejudiced by Defendants' unfair trade practices.

As a direct and proximate result of the unfair business practices of Defendants, Plaintiffs are entitled to equitable relief, including full restitution, disgorgement, and/or specific performance of payment of all wages and other amounts owed that have been unlawfully withheld from Plaintiffs as a result of the business acts and practices described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1.   For an award of all actual, consequential, and incidental financial losses suffered by Plaintiff, including lost employment benefits, mental and emotional distress, and other special and general damages;

2.   Penalties pursuant to Government Code § 12940(a);

3.     For an award of punitive damages against any and/or all Defendant(s);

4.     For an award of damages in the amount of unpaid wages (including overtime compensation and unpaid minimum wage compensation), and liquidated damages thereon, interest, and penalties subject to proof at trial;

5.     For an award of one (1) hour of additional pay at the regular rate of compensation for each workday that meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order 4-2001, § 11 and interest thereon;

6.     For an award of one (1) hour of additional pay at the regular rate of compensation for each workday that rest periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order 4-2001, § 12 and interest thereon;

7.     Penalties pursuant to Labor Code § 226 (e);

8.     Penalties pursuant to Labor Code § 203;

9.     For costs of suit, including attorney fees under any applicable statutory or contractual basis, including California Civil Procedure Code § 1021.5, California Labor Code §§ 226, 226.7, 1194; and for prejudgment interest under Civil Code §§ 3288, 3291 and Code of Civil Procedure § 998, and any other applicable statutory, or contractual basis; and

10.    For an injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them from engaging in each of the practices complained of in this Complaint; and

11.    For such other and further relief as the Court deems just and proper.


                                        Respectfully submitted,

Dated: August 15, 2022                  **PAYTON EMPLOYMENT LAW, PC**


                                    By: _____
                                        Marissa L. Simmons, Esq.
                                        Laurel N. Holmes, Esq.
                                        Chantal M. Payton, Esq.
                                        Attorneys for Plaintiffs
                                        REGINA JACKSON, BELINDA
                                        BATTISTELLI and ANDREA MARTIN

**PLAINTIFFS' COMPLAINT**

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of this action.

Respectfully submitted,

Dated: August 15, 2022

**PAYTON EMPLOYMENT LAW, PC**

By:_____

Marissa L. Simmons, Esq.
Laurel N. Holmes, Esq.
Chantal M. Payton, Esq.
Attorneys for Plaintiffs
REGINA JACKSON, BELINDA
BATTISTELLI and ANDREA MARTIN

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON, CA 93510